terdicted all commerce with ports in the states of the insurgents.

The vessel and cargo must be condemned.

On appeal to the circuit court, the judgment in this case was affirmed. [Case unreported.] See, also, The Admiral, 3 Wall. [70 U. S.] 603; The Josephine, Id. 83; The Cheshire, Id. 231; The Sir Wm. Peel, 5 Wall. [72 U. S.] 517.

---

REVERE, The. See Case No. 402.

---

## Case No. 11,717.

### REVEREZ v. CAMELLOS.

[1 Cranch, C. C. 50.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

COSTS—SECURITY FOR—WHEN MAY BE GIVEN.

Security for costs may be given at any time before judgment on the rule.

[This was an action by Juan Antonio Reverez against Juan Camellos.]

Mr. Jones, for defendant, moved for a nonsuit on a rule to give security for costs laid at the November rules.

While Mr. Jones was making his motion, Mr. Lee offered himself as security.

Mr. Jones contended it was too late, the sixty days having elapsed; but THE COURT permitted the security to be given.

---

REVEREZ (CAMELLOS v.). See Case No. 2,339.

---

## Case No. 11,718.

### REYLEY et al. v. The CARRIE BROOKS.

[26 Pittsb. Leg. J. 29.]

District Court, W. D. Pennsylvania. Sept. 9, 1878.

MARITIME LIENS — PRIORITIES — MORTGAGE FOR PURCHASE MONEY—MATERIALS AND SUPPLIES—FOREIGN AND DOMESTIC MATERIAL-MEN.

1. A purchase money mortgage to secure the payment of a balance due on the purchase of a vessel, and which has been duly recorded in the collector of customs' office (at the home port of the vessel, or at the place the owners reside), under act of congress passed the 29th day of July, A. D. 1850,—Rev. St. § 4192 [9 Stat. 440]. Held: a mortgage against a vessel is not in its nature a maritime contract. That the recording of a mortgage against a vessel under said recording act, is notice to all domestic material-men who have liens of the second class under the law of the lex loci, for materials and supplies furnished at the instance and request of the master or owners, said mortgage takes the precedence, and is paid in full from the fund arising from the sale of the vessel at United States marshal's sale; providing said materials and supplies were furnished subsequent to the recording of the mortgage.

2. Foreign claimants of the second class, for materials and supplies furnished, take precedence and are paid in full before domestic claimants of the same class.

3. A purchase money mortgage against a vessel does not take precedence over foreign claims or liens for materials and supplies furnished, for the reason that the lien for materials and supplies furnished at a foreign port is in its nature maritime.

In admiralty.

John Barton, for mortgagee.

John Barton, Jr., for foreign claimants.

Montooth & Bros., for domestic claimants.

Opinion by KNOX, Commissioner, confirmed by KETCHUM, District Judge:

The steamboat "Carrie Brooks" of Pittsburgh, a vessel of the United States, lately engaged in the passenger and freight trade upon the Ohio and Monongahela rivers, was, on the third day of April, A. D. 1878, seized by the United States marshal of the Western district of Pennsylvania, upon process in rem issued by the district court at the suit of Wm. Reyley et al., mariners, at No. 18 May term, 1878, in admiralty. By permission of the court, and prior to the sale of the vessel, various libels of intervention were filed, some for materials and supplies furnished by citizens of Pennsylvania, within the borders of that state, some for like necessaries procured for the vessel's use while navigating the waters of the United States bordering on the state of Ohio, and from citizens thereof, and another based upon a mortgage executed by John A. Trimble and James H. Trimble, late owners of the "Carrie Brooks," to secure the payment to R. D. Schultz of certain notes and a balance owing him on account of the purchase from him of said vessel, which notes and balance are due and unpaid.

By the return of the marshal endorsed upon a writ of vend. ex. subsequently issued, it appears he sold the boat on the 8th day of May, A. D. 1878, for fifteen hundred and twenty-five dollars, ($1,525.00) and after deducting costs, expenses, and the numerous claims for wages allowed in the two partial reports heretofore filed by the commissioner, and confirmed by the court, there remains in the registry, the sum of five hundred and thirty-seven dollars and fourteen cents ($537.-14), claiming which, are the three classes of creditors hereinbefore mentioned, to wit, the foreign and domestic material-men, and the mortgagee. For a perfect comprehension of the reasons upon which the commissioner bases his finding, he is compelled to ask the court's indulgence for, and attention to rather more of detail, in summing up his understanding of the law governing the case, than the amount in controversy would seem to demand; not having been able to discover, however, that the exact points involved in the solution of the questions raised have been adjudicated in this district, it may be proper to give somewhat at length, the process of reasoning leading to, and terminating in the conclusion hereinafter expressed.

Those who repaired or fitted out a ship, or

---

[1] [Reported by Hon. William Cranch, Chief Judge.]